```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 1 4 2007
```

# CULLENandDYKMANLLP

**CYNTHIA BOYER OKRENT**
PARTNER
DIRECT LINE: 212-510-2253
DIRECT FAX: 212-742-8260
E-MAIL: COKRENT@CULLENANDDYKMAN.COM

44 Wall Street
New York, New York 10005-2407

Telephone (212) 732-2000 • Facsimile (212) 571-2838

November 13, 2007

*Via Facsimile*

Hon. Laura Taylor Swain
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 755
New York, New York 10007

**MEMO ENDORSED**

IT IS ORDERED that counsel to whom this Memo Endorsement is sent is responsible for faxing or otherwise delivering promptly a copy to all counsel and unrepresented parties and filing a certificate of such service within 5 days from the date hereof. Do not fax such certification to Chambers.

Re:  **AMS Group LLC v. JPMorgan Chase**
     **S.D.N.Y., Index No. 07 CIV 6988 (LTS)**

Dear Judge Swain:

We represent defendant JPMorgan Chase Bank, N.A. ("Chase") with respect to the above-referenced matter and write to request that the pre-trial conference, currently scheduled for November 30, 2007, be cancelled on the grounds that plaintiff has neither served the summons and complaint upon Chase nor responded to Chase's communications regarding the claims asserted in the complaint. Chase learned of the filing of the complaint, as well as the Court's Initial Conference Order, through the Courthouse News Service. Plaintiff has not served the summons and complaint or the Initial Conference Order upon Chase.

By letter dated October 2, 2007 to plaintiff's counsel, a copy of which is enclosed, I confirmed plaintiff's attorneys' advice that Chase had not yet been served with the summons and complaint and requested that plaintiff consider discontinuing the action on the following grounds:

(a) plaintiff has no private right of action under the Community Reinvestment Act, 12 U.S.C.S. § 2901 et seq., see, Powell v. Am. Gen. Fin., Inc., 310 F. Supp. 2d 481, 486-86 (N.D.N.Y. 2004);

(b) plaintiff's claim under Equal Credit Opportunity Act ("ECOA"), 15 U.S.C.S. § 1691 et seq., is barred by the statute's two-year statute of limitations. See, 15 U.S.C.A. § 1691e(f). The alleged ECOA violation occurred in 2004, i.e., more than three years ago; and

Copies Faxed mailed to Deft's Counsel
Chambers of Judge Swain    11-14-07

*Founded 1850*

BROOKLYN        LONG ISLAND        MANHATTAN        WASHINGTON, D.C.        NEW JERSEY

# CULLENandDYKMANLLP

Hon Laura Taylor Swain
November 13, 2007
Page 2

　　　(c)　　it appears that the plaintiff may not have legal capacity to sue in New York under N.Y. BCL § 1312(a) and because it has been dissolved.

When I received no response, I called plaintiff's counsel on October 19, 2007 and was informed by Ms. Piedra, a paralegal, that the action will not be discontinued and that Marisol De La Mata, plaintiff's attorney, was too busy to speak to me about the legal and factual issues raised in my October 2, 2007 letter. When I asked Ms. Piedra if they intended to serve the summons and complaint, she stated that she would discuss the matter with the client.

Since plaintiff has failed to serve either the summons and complaint or the Court's Initial Conference Order upon Chase and has refused to discuss the factual and legal issues relating to the complaint with us, we request that the pre-trial conference be cancelled.

Thank you for your time and attention to this matter.

　　　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　　　*[signature]*

　　　　　　　　　　　　　　　　　　　　Cynthia Boyer Okrent (CO-9233)

Enclosures

cc:　Piedra Legal Services (by facsimile)
　　　810 Ritter Place, Apt. 5C
　　　Bronx, New York 10459

*[handwritten]* Defendant Chase's attendance at the conference is excused.

SO ORDERED.

*[signature]* 11/13/2007
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE