UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

AMS GROUP LLC,

                           Plaintiff,

           - against -

JP MORGAN CHASE,

                           Defendant.
----------------------------------------------------------------x

Civil Action No.:
07 CIV 6988 (LTS)

**AFFIDAVIT IN SUPPORT**

(Electronically Filed)

State of New York   )
                        ) ss.:
County of New York  )

      Cynthia Boyer Okrent, being duly sworn, deposes and says:

      1.     I am a member of Cullen and Dykman LLP, attorneys for defendant, JPMorgan Chase Bank, N.A. s/h/a JP Morgan Chase ("Chase"), in this action and respectfully submit this affidavit, and the accompanying memorandum of law, in support of Chase's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

      2.     Since there is no private right of action under the Community Reinvestment Act ("CRA"), 12 U.S.C.S. § 2901 et seq., plaintiff's CRA claims against Chase should be dismissed.

      3.     Moreover, plaintiff's Equal Credit Opportunity Act ("ECOA"), 15 U.S.C.S. § 1691 et seq., claim is barred by the statute's two year statute of limitations and insufficiently pleaded. The alleged ECOA violation occurred in 2004, i.e., more than three years before this action was filed in August 2007.

      4.     On March 16, 2004, Donald C. Greaves, on behalf of the plaintiff wrote a letter to William B. Harrison, Jr., the then Chairman and Chief Executive Officer of JPMorgan Chase &

1

Co., the holding company for JPMorgan Chase Bank, N.A., proposing that Chase (presumably JPMorgan Chase Bank, N.A.) make a $135 million loan to plaintiff for the purchase an oil refinery. See paras. 2 and 8 of the Amended Complaint, annexed hereto as Exhibit A (without attachments) and Attachment 20 to the Amended Complaint, annexed hereto as Exhibit B. The cost of purchasing and reconstructing the refinery required funding of $135 million. See Exhibit A, para. 6.

5. Plaintiff's letter to Mr. Harrison was referred to Mr. James Nicholas, Vice President of Auditing. See Exhibit A, para. 9. Mr. Nicholas contacted plaintiff's principal for additional information about the refinery and requested loan. See Exhibit A, para. 12.

6. Upon investigation of public records regarding plaintiff, including Dun & Bradstreet, Chase found that plaintiff had no assets, was not licensed to do business in New York State, and that the telephone number and address provided for the company could not be confirmed. See Exhibit A, para. 24 and Attachment 40 to the Amended Complaint annexed hereto as Exhibit C.

7. Plaintiff alleges in the Amended Complaint that AMS Group LLC ("AMS") was formed in 2003 and, in 2004, had no assets or income producing operations. See Exhibit A, para. 24. The complaint does not state where plaintiff was established, but the attachments indicate plaintiff was established as a limited liability company in Wyoming. See Attachment 19 to the Amended Complaint, annexed hereto as Exhibit D.

8. On or after April 26, 2004, plaintiff was told by Mr. Nicholas that Chase was not going to go forward with an application. See Exhibit A, para. 18.

9. Thereafter, on May 7, 2004, plaintiff filed a letter complaint with the Federal Reserve Bank of New York (the "Federal Reserve") alleging violations of the CRA and ECOA.

See Exhibit A, para. 21 and Attachment 29 to the Amended Complaint, annexed hereto as Exhibit E.

10. On June 2, 2007, the Federal Reserve notified plaintiff that it would contact Chase on its behalf and advise plaintiff of its findings after review of the matter. See Attachment 37 to the Amended Complaint, annexed hereto as Exhibit F.

11. On plaintiff's behalf, the Federal Reserve asked Chase to respond to the complaint filed by plaintiff. See Exhibit C.

12. Chase responded on July 16, 2004, that credit was declined because: (a) a loan of the size requested would require substantial assets, (b) Chase reviewed public records, including Dun & Bradstreet, and found no information or listing of plaintiff, (c) plaintiff was not licensed to do business in New York State, and (d) the address and telephone number provided by plaintiff could not be confirmed. See Exhibit C.

13. On July 26, 2004, the Federal Reserve notified plaintiff of its findings. The Federal Reserve advised plaintiff that, in a letter from Ms. Sondra Matthews of Chase's Executive Office, Chase advised that a loan of the size requested would require substantial assets, that Chase's public records investigation yielded no information regarding plaintiff, that Chase had found that plaintiff was not licensed to do business in New York State and that Chase could not confirm the telephone number and address provided for the company. Accordingly, Chase declined to pursue an extension of credit to plaintiff. See Exhibit C.

14. The Federal Reserve concluded that Chase acted upon "financial nondiscriminatory criteria and standards for creditworthiness" and advised plaintiff that a bank is allowed to set its own, nondiscriminatory criteria for creditworthiness. See Exhibit C.

15. On August 3, 2004, the Federal Reserve sent plaintiff a copy of Chase's July 16,

2004, letter setting forth the reasons for the denial of credit. See Exhibit A, para. 24 and Attachment 41 to the Amended Complaint, annexed hereto as Exhibit G.

16. Plaintiff then waited more than three years to file this action on August 3, 2007. The summons and complaint, however, were not served upon Chase until December 3, 2007. Chase's time to answer or move was extended by the Court to January 24, 2008.

17. By letter dated October 2, 2007 to plaintiff's counsel, I requested that plaintiff consider discontinuing the action on the same grounds raised herein.

18. When no response was received, the undersigned called plaintiff's counsel on October 19, 2007 and was informed by Ms. Piedra, a paralegal, that Marisol De La Mata, plaintiff's attorney, was too busy to speak to me about the legal and factual issues raised in the October 2, 2007 letter.

19. For the foregoing reasons, it is respectfully requested that the amended complaint be dismissed on the grounds that (a) there is no private right of action under the CRA, and (b) plaintiff's ECOA claims are both time barred and insufficiently pleaded as a matter of law.

_____
Cynthia Boyer Okrent (CO-9233)

Sworn to before me this
18th day of January, 2008

_____
TARAMARIE PUGLISI
Notary Public, State Of New York
No. 01PU6059465
Qualified In Richmond County
Commission Expires 05/29/20__

Index                           07 CIV 6988 (LTS)   Year 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMS GROUP LLC,

                        Plaintiff,

-against-

JPMORGAN CHASE,

                        Defendants.

**NOTICE OF MOTION WITH AFFIDAVIT IN SUPPORT**

**CULLEN***and***DYKMAN** LLP

Attorneys for
**JPMORGAN CHASE**
Office and Post Office Address
44 WALL STREET
NEW YORK, NEW YORK 10005-2407
(212) 732-2000

"WE DO NOT ACCEPT SERVICE
BY ELECTRONIC TRANSMISSION (FAX)
UNLESS PRIOR PERMISSION IS GIVEN"

---

Please take notice:

☐ **NOTICE OF ENTRY**

that the within is a (*certified*) true copy of a
duly entered in the office of the
clerk of the within named court on                   20      .

☐ **NOTICE OF SETTLEMENT**

that an order                    of which is a true copy
will be presented for settlement to the HON.
one of the judges of the within named court, at
in the Borough of                   , City of New York,
on the            day of
20           , at                     M.

Dated:                              20           .

                Yours, etc.

**CULLEN***and***DYKMAN** LLP

Attorneys for

To
                , Esq.

Attorneys for