UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AMS GROUP LLC,

                        Plaintiff,

                                         Civil Action No.:
                                         07 CIV 6988 (LTS)
       - against -
                                         (Electronically Filed)

JP MORGAN CHASE,

                        Defendant.
------------------------------------------------------------x


**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 2

STATEMENT OF FACTS......................................................................................................... 3

ARGUMENT............................................................................................................................... 5

   POINT I.................................................................................................................................... 5

      PLAINTIFF'S CLAIM THAT CHASE VIOLATED
      THE CRA SHOULD BE DISMISSED ON THE
      GROUNDS THERE IS NO PRIVATE RIGHT
      OF ACTION UNDER THE CRA.

   POINT II .................................................................................................................................. 7

      PLAINTIFF'S CLAIMS UNDER THE ECOA ARE
      BOTH TIME BARRED AND INSUFFICIENT
      AS A MATTER OF LAW.

CONCLUSION ......................................................................................................................... 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AMS GROUP LLC,

                              Plaintiff,

                              Civil Action No.:
                              07 CIV 6988 (LTS)
       - against -

                              (Electronically Filed)

JP MORGAN CHASE,

                              Defendant.
------------------------------------------------------------------x

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT

This memorandum of law is respectfully submitted on behalf of defendant, JPMorgan Chase Bank, N.A. s/h/a JPMorgan Chase ("Chase"), in support of its motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that (a) there is no private right of action under the Community Reinvestment Act ("CRA"), 12 U.S.C.S. § 2901 et seq., and (b) plaintiff's Equal Credit Opportunity Act ("ECOA"), 15 U.S.C.S. § 1691 et seq., claim is barred by the statute's two year statute of limitations and insufficiently pleaded. The alleged ECOA violation occurred in 2004, i.e., more than three years before this action was filed in August 2007.

## PRELIMINARY STATEMENT

In March 2004, Donald C. Greaves, on behalf of the plaintiff wrote to William B. Harrison, Jr., the Chairman and Chief Executive Officer of JPMorgan Chase & Co., the holding company for JPMorgan Chase Bank, N.A., proposing that Chase (presumably JPMorgan Chase Bank, N.A.) make a $135 million loan to plaintiff for the purchase an oil refinery. After receiving the letter, a Chase Vice President contacted Mr. Greaves and investigated public records regarding plaintiff. Chase

2

found that plaintiff had no assets, was not licensed to do business in New York State, and that the telephone number and address provided for the company could not be confirmed. Chase, therefore, advised plaintiff, which had never submitted a Chase loan application, that the bank declined to accept an application for such a substantial loan.

The plaintiff filed a complaint with the Federal Reserve Bank of New York (the "Federal Reserve") in May 2004, alleging violations of the CRA and ECOA. On plaintiff's behalf, the Federal Reserve asked Chase to respond to the complaint filed by plaintiff. Chase responded on July 16, 2004, that credit was declined because: (a) a loan of the size requested would require substantial assets, (b) Chase reviewed public records, including Dun & Bradstreet, and found no information or listing of plaintiff, (c) plaintiff was not licensed to do business in New York State, and (d) the address and telephone number provided by plaintiff could not be confirmed. The Federal Reserve concluded that Chase acted upon "financial nondiscriminatory criteria and standards for creditworthiness" and notified plaintiff of its findings by letter dated July 26, 2004.

Plaintiff then waited more than three years to file this action alleging violations of the CRA and ECOA. As set forth below, plaintiff's claim under the CRA should be dismissed on the ground that there is no private right of action under the CRA. Moreover, plaintiff's remaining claim for violation of the ECOA is barred by the statute's two year statute of limitations and is insufficient as a matter of law.

## STATEMENT OF FACTS

Plaintiff alleges in the amended complaint that AMS Group LLC ("AMS") was formed in 2003 and, in 2004, had no assets or income producing operations.[1] The complaint does not state where plaintiff was established, but the attachments indicate plaintiff was established as a limited

3

liability company in Wyoming.[2] On March 16, 2004, plaintiff wrote a letter to Mr. William B. Harrison, Jr., Chase's then Chairman and Chief Executive Officer, described as an application for a loan for the purchase of a refinery.[3] The cost of purchasing and reconstructing the refinery required funding of $135 million.[4] Plaintiff's letter to Mr. Harrison was referred to Mr. James Nicholas, Vice President of Auditing.[5] Mr. Nicholas contacted plaintiff's principal for additional information about the refinery and requested loan.[6]

On or after April 26, 2004, plaintiff was told by Mr. Nicholas that Chase was not going to go forward with an application.[7] Thereafter, on May 7, 2004, plaintiff filed a letter complaint with the Federal Reserve alleging violations of the CRA and ECOA.[8] On June 2, 2007, the Federal Reserve notified plaintiff that it would contact Chase on its behalf and advise plaintiff of its findings after review of the matter.[9]

On July 26, 2004, the Federal Reserve notified plaintiff of its findings. The Federal Reserve advised plaintiff that, in a letter from Ms. Sondra Matthews of Chase's Executive Office, Chase advised that a loan of the size requested would require substantial assets. Chase had reviewed public records, including Dun & Bradstreet, and found no information regarding plaintiff. Chase also found that plaintiff was not licensed to do business in New York State and that the telephone number and address provided for the company could not be confirmed. Accordingly, Chase declined to pursue an extension of credit to plaintiff.[10] The Federal Reserve advised plaintiff that a bank is allowed to set

---

1 Ex. A, para. 24.
2 Ex. D.
3 Ex. A, paras. 2, 8; Ex. B.
4 Ex. A, para. 6.
5 Id., para. 9.
6 Id., para. 12.
7 Id., para. 18.
8 Id., para. 21; Ex. E.
9 Ex. F.
10 Ex. C.

its own, nondiscriminatory criteria for creditworthiness.[11] On August 3, 2004, the Federal Reserve sent plaintiff a copy of Chase's July 16, 2004, letter setting forth the reasons for the denial of credit.[12]

Plaintiff filed this action on August 3, 2007. The summons and complaint, however, were not served upon Chase until December 3, 2007. Chase's time to answer or move was extended by the Court to January 24, 2008.

## ARGUMENT

## POINT I

### PLAINTIFF'S CLAIM THAT CHASE VIOLATED THE CRA SHOULD BE DISMISSED ON THE GROUNDS THERE IS NO PRIVATE RIGHT OF ACTION UNDER THE CRA.

There is no private right of action under the Community Reinvestment Act. <u>Lee v. Bd. of Governors of the Fed. Reserve Sys.</u>, 118 F.3d 905 (2d Cir. 1997). In <u>Lee</u>, the petitioners sought review of orders of the Board of Governors of the Federal Reserve System (the "Board") and the Office of Thrift Supervision ("OTS") approving Chase's application to acquire certain businesses from United States Trust Corporation and the merger of Chase and Chemical Banking Corporation. The petitioners alleged, <u>inter alia</u>, that the Board and the OTS ignored the banks' allegedly poor CRA performances. The court dismissed the petitions holding that petitioners lacked standing and that the petitions failed on the merits. With respect to the CRA claim, the court explained:

> The CRA is an amorphous statute. Its pronouncement that "regulated financial institutions have [a] continuing and affirmative obligation to help meet the credit needs of the local communities in which they are chartered," 12 U.S.C. § 2901(a)(3), is not a directive to undertake any particular program or to provide credit to any particular individual. The statute, rather, is precatory:

---

11 <u>Id.</u>
12 Ex. A, para. 24; Ex. G.

5

> It is the purpose of this chapter to require each appropriate Federal financial supervisory agency to use its authority when examining financial institutions, to encourage such institutions, to help meet the credit needs of the local communities in which they are chartered consistent with the safe and sound operation of such institutions.
>
> 12 U.S.C. § 2901(b). As petitioners concede, the CRA does not create a private right of action to enforce any of its terms. See Hicks, supra, 970 F.2d at 382 (no implied right of action under CRA).

Id. at 913.

In Hicks v. Resolution Trust Corp., 970 F.2d 378 (7th Cir. 1992), the plaintiff brought an action for retaliatory discharge alleging that he was fired because he reported the defendant's noncompliance with the CRA. The court affirmed the dismissal of the complaint on the grounds that the CRA "does not articulate a clearly mandated public policy of the state of Illinois," a necessary element of a retaliatory discharge claim. Id. at 380. The court rejected the plaintiff's argument that his discharge violated public policy in favor of law enforcement and prosecution of crimes, stating: "The Community Reinvestment Act makes no provision for a civil private cause of action, let alone criminal sanctions." Id. at 382 (citations omitted).

Similarly, in Powell v. American General Finance, Inc., 310 F. Supp. 2d 481 (N.D.N.Y. 2004), the court dismissed a complaint by an African-American woman who alleged that the lender wrongfully denied her credit in violation of the CRA and ECOA. The court dismissed the CRA claim citing Lee, and stating:

> As a basis for her claim, Plaintiff contends broadly that Defendants have not complied with the CRA because they have failed to create loan products which target African-American and working-class populations. However, the Second Circuit has held that the CRA does not create a private right of action.

Powell, 310 F. Supp. 2d at 485-86.

See also Harambee Uhuru Sch., Inc. v. Kemp, No. C2-90-949, 1992 U.S. Dist. LEXIS 15125 (S.D. Ohio Sept. 30, 1992) (dismissing claim that bank denied loan based upon race in violation of the CRA on the grounds that there is no private right of action under the CRA).

Since there is no private right of action under the CRA, plaintiff's claims for violation of the CRA should be dismissed.

## POINT II

### PLAINTIFF'S CLAIMS UNDER THE ECOA ARE BOTH TIME BARRED AND INSUFFICIENT AS A MATTER OF LAW.

Where, as here, a plaintiff's complaint is filed more than two years after the alleged ECOA violation and fails to allege facts to support its claims of disparate treatment, the ECOA claim should be dismissed. 15 U.S.C.S. § 1691e(f) (2007); Boykin v. Key Corp., No. 03-CV-9445, 2005 U.S. Dist. LEXIS 5546 (W.D.N.Y. Mar. 28, 2005). 15 U.S.C.S. § 1691e(f) provides:

> Jurisdiction of courts; time for maintenance of action; exceptions. Any action under this section may be brought in the appropriate United Stated district court without regard to the amount in controversy, or in any other court of competent jurisdiction. No such action shall be brought later than two years from the date of the occurrence of the violation, except that –
>
> (1) whenever any agency having responsibility for administrative enforcement under section 704 [15 USCS § 1691c] commences an enforcement proceeding within two years from the date of occurrence of the violation,
> (2) whenever the Attorney General commences a civil action under this section within two years from the date of the occurrence of the violation,
>
> then any applicant who has been a victim of the discrimination which is the subject of such proceeding or civil action may bring an action under this section not later than one year after the commencement of that proceeding or action.

7

15 U.S.C.S. § 1691e(f) (2007) (emphasis added).

In Boykin v. Key Corp., No. 03-CV-9445, 2005 U.S. Dist. LEXIS 5546 (W.D.N.Y. Mar. 28, 2005), an African-American woman alleged that she was denied a loan to repair real property that she owned in Buffalo, New York. She was told by a loan officer at the bank that her loan application was denied because she was not a resident of New York State. The plaintiff maintained that she was financially qualified for the loan and that the bank violated the ECOA, as well as other federal statutes. The court granted the defendant's 12(b)(6) motion on the grounds that plaintiff's ECOA claim was untimely because it was not commenced within two years of the alleged violations as required by the statute. The court also held that plaintiff had failed to allege facts supporting her claim that the bank showed preference for non-protected individuals.

Similarly, in McKay v. Sacks, No. 05-CV-2307, 2005 U.S. Dist. LEXIS 43347 (E.D.N.Y. May 12, 2005), the plaintiff alleged that the defendant fraudulently induced her to take a high rate mortgage loan that was recorded against her home. The court dismissed the plaintiff's ECOA claim on the grounds that it was time barred having been commenced more than two years after "plaintiff knew or should have known of defendants alleged wrongdoing . . . ." Id. at *13.

In Trakansook v. Astoria Federal Savings and Loan Assoc., No. 06-CV-1640, 2007 U.S. Dist. LEXIS 28679 (E.D.N.Y. Apr. 18, 2007), the plaintiff sought to amend her complaint to assert a cause of action under the ECOA, alleging discrimination based upon age, gender, and national origin. The court denied the plaintiff's motion to amend because the alleged ECOA claim was barred by the two year statute of limitations. The alleged ECOA violations occurred in September 2002 and the plaintiff's federal court action was not commenced until April 2006.

See also Pierce v. Citibank (South Dakota), N.A., 856 F. Supp. 1451 (Dist. Or. 1994), aff'd

92 F.3d 1193 (9th Cir. 1996) (dismissing ECOA claim as time barred where action commenced more than two years after plaintiff learned that bank had closed her credit card account); Ford City Bank v. Goldman, 424 N.E.2d 761 (Ill. App. Ct. 1981) (dismissing ECOA claim as time barred where alleged violation, i.e., requiring spouse to sign note, occurred more than two years before action commenced).

The courts have also dismissed ECOA claims on the pleadings where the plaintiff failed to allege facts to support discriminatory intent. In Powell, the plaintiff made conclusory allegations of discrimination that she is a African-American and the lender "did not adequately consider her application" for credit. 310 F. Supp. 2d at 487. The plaintiff did not allege a specific policy to support a claim of discrimination, but complained that the lender's reliance on creditworthiness, was discriminatory to minorities. The court found the complaint insufficient as a matter of law, stating that the plaintiff had alleged "no specific allegations as to exactly how Defendants subjected her application to additional scrutiny vis-a-vis non-minority loan applicants." Id. at 488.

In Anderson v. Capital One Bank, 224 F.R.D. 444, 446 (W.D. Wis. 2004), the plaintiffs alleged violations under the ECOA for "failing to communicate the source of its decision to deny plaintiffs' credit application . . . ." The court held, however, that the bank's explanation, i.e., that it denied their application because the person with the Social Security number of the primary applicant was reported to be deceased, was sufficient under the statute. The bank was not required to provide the source of its information to the plaintiffs. Accordingly, the court dismissed the complaint on the pleadings.

In Howard Oaks, Inc. v. Maryland National Bank, 810 F. Supp. 674 (Dist. Md. 1993), the court granted defendant's 12(b)(6) motion to dismiss an ECOA claim on the grounds that the plaintiff failed to allege a necessary predicate for liability, i.e., that plaintiff had submitted a

"completed application" under 12 C.F.R. § 202.2(f). The plaintiff argued that the bank was supplied with information "in the forms of letters and documents." Howard Oaks, 810 F. Supp. at 677. The court held that the complaint was fatally defective because it did not allege that a completed application was submitted.

In this case, plaintiff's ECOA claim was filed more than two years after the alleged 2004 ECOA violation. Plaintiff acknowledges in the amended complaint that it applied for a loan in March 2004 and that it received notice of the reasons that Chase declined to extend credit on July 26, 2004. Accordingly, plaintiff's ECOA claim, filed on August 3, 2007, is barred by the statute's two year statute of limitations.

Moreover, plaintiff's conclusory allegations of discrimination are not supported by factual allegations. Plaintiff does not allege a specific policy to support a claim of discrimination. Plaintiff complains that Chase's refusal to extend credit because plaintiff has no income or assets was wrongful because it was offering other forms of security. Plaintiff, however, has failed to set forth facts to support its claim that Chase discriminated against plaintiff vis-a-vis non-minority loan applicants. Furthermore, plaintiff fails to allege that it submitted a "completed application," as required by the regulations. 12 C.F.R. §202.2(f) (2008). Plaintiff alleges only that it supplied letters and documents to Chase. Chase then reviewed public records regarding plaintiff and determined that it did not have sufficient income or assets to warrant consideration of the size requested. Chase did not provide written notice of its reasons for declining credit until July 16, 2004, because plaintiff had never formally submitted a completed application. Instead, plaintiff sought to expedite consideration of its request by going first to Chase's Chairman and CEO and then to the Federal Reserve because it was reviewing Chase's application to merge with Bank One.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the amended complaint be dismissed on the grounds that (a) there is no private right of action under the CRA, and (b) plaintiff's ECOA claims are both time barred and insufficiently pleaded as a matter of law.

Dated: January 18, 2008
      New York, New York

                                             Respectfully submitted,

                                             Cullen and Dykman LLP
                                             Attorneys for Defendant
                                             JPMorgan Chase Bank, N.A.
                                             s/h/a JP Morgan Chase

                              By: _____
                                             Cynthia Boyer Okrent (CO-9233)
                                             44 Wall Street, 17th Floor
                                             New York, New York 10005
                                             cokrent@culldyk.com
                                             (212) 732-2000