UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AMS GROUP LLC,

                    Plaintiff,

                                     Civil Action No.:
                                     07 CIV 6988 (LTS)
        - against -

                                     **AFFIRMATION IN SUPPORT**

JP MORGAN CHASE,                           (Electronically Filed)

                    Defendant.
------------------------------------------------------------------x

      Cynthia Boyer Okrent , an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following under penalty of perjury:

      1.     I am a member of Cullen and Dykman LLP, attorneys for defendant, JPMorgan Chase Bank, N.A. s/h/a JP Morgan Chase ("Chase"), in this action and respectfully submit this affidavit, and the accompanying memorandum of law, in support of Chase's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

      2.     Plaintiffs' Equal Credit Opportunity Act ("ECOA"), 15 U.S.C.S. § 1691 et seq., claim is barred by the statute's two-year statute of limitations and is insufficiently pleaded. Plaintiffs' tortious interference claim is insufficient and barred by the applicable three-year statute of limitations. Plaintiffs' claims under the ECOA and for tortious interference accrued more than three years before this action was filed in August 2007 and are, therefore, time barred.

      3.     In addition, individual plaintiffs, Donald Greaves and Saint Clair Jackson, do not have standing to assert claims for alleged wrongs to the corporation and are, therefore, improper parties.

      4.     On or about March 16, 2004, Donald C. Greaves, on behalf of AMS, wrote a

1

letter to Mr. William B. Harrison, Jr., the Chairman and Chief Executive Officer of Chase & Co., the holding company for Chase Bank. Mr. Greaves letter was a request that Chase consider lending AMS Group $135 million so that AMS Group could purchase and reconstruct a Texas oil refinery. See para. 16 of the Verified Amended Complaint, dated February 22, 2008, annexed hereto as Exhibit A and Attachment 20, annexed hereto as Exhibit B, to the Amended Complaint, dated August 3, 2007, annexed hereto as Exhibit C (without attachments).

5. Mr. Greaves's letter to Mr. Harrison was referred to Mr. James Nicholas, Vice President of Auditing of Chase & Co.. See Exhibit A, para. 17; Exhibit C, para. 9. Mr. Nicholas contacted Mr. Greaves, AMS's principal, for additional information about the refinery and requested loan. See Exhibit A, paras. 9, 17; Exhibit C, para. 12.

6. Chase & Co. investigated public records regarding AMS and found that AMS had no assets, was not licensed to do business in New York State, and that the telephone number and address provided for the company could not be confirmed. See Exhibit C, para. 24 and Attachment 40 to the Amended Complaint, annexed hereto as Exhibit D.

7. Plaintiffs allege that AMS was formed in 2003 as a limited liability company in Wyoming and, in 2004, had no assets or income producing operations. See Exhibit A, para. 7; Exhibit C, para. 24.

8. By letter dated April 23, 2004, Mr. Greaves directed Mr. Scott Booth of Park Avenue Equity Management LLC, a representative of the refinery, to contact Mr. Nicholas regarding the proposed loan and provided the refinery with Mr. Nicholas's contact information. See Exhibit C, para. 14 and Attachment 24 to the Amended Complaint, annexed hereto as Exhibit E.

9. On or about April 23, 2004, Mr. Booth, as he had been directed by Mr. Greaves,

contacted Mr. Nicholas by telephone. See Exhibit C, paras. 14, 15. Plaintiffs allege that Mr. Nicholas stated to Mr. Booth that Chase was not interested in pursuing the loan. See Exhibit C, para. 15. Plaintiffs do not allege any other contact between Chase & Co. and the refinery. Nor do the plaintiffs allege the existence of a confidentiality agreement between the parties that would have barred Mr. Nicholas from responding to Mr. Booth's inquiry.

10. On or after April 26, 2004, AMS was told by Mr. Nicholas that Chase was not going to go forward. See Exhibit C, para. 18. AMS never filled out a Chase loan application.

11. Plaintiffs do allege that, on April 28, 2004, about five days after Mr. Greaves directed Mr. Booth to call Chase, Mr. Booth notified AMS that the refinery had executed an exclusive agreement with another potential buyer and was not pursuing the transaction with AMS. See Exhibit C, para. 20 and Attachment 26 to the Amended Complaint, annexed hereto as Exhibit F.

12. Thereafter, on May 7, 2004, AMS filed a letter complaint with the Federal Reserve alleging violations of the CRA and ECOA. See Exhibit A, para. 28 and Attachment 29 to the Amended Complaint, annexed hereto as Exhibit G.

13. On June 2, 2007, the Federal Reserve notified AMS that it would contact Chase on its behalf and advise AMS of its findings after review of the matter. See Attachment 37 to the Amended Complaint, annexed hereto as Exhibit H.

14. On plaintiff's behalf, the Federal Reserve asked Chase to respond to the complaint filed by plaintiff. See Exhibit D.

15. Chase responded on July 16, 2004, that credit was declined because: (a) a loan of the size requested would require substantial assets, (b) Chase reviewed public records, including Dun & Bradstreet, and found no information or listing of plaintiff, (c) plaintiff was not licensed

to do business in New York State, and (d) the address and telephone number provided by plaintiff could not be confirmed.  See Exhibit D.

   16. On July 26, 2004, the Federal Reserve notified plaintiff of its findings.  The Federal Reserve notified AMS that, in a letter from Ms. Sondra Matthews of Chase & Co.'s Executive Office, Chase & Co. advised that a loan of the size requested would require substantial assets.  Chase & Co. had reviewed public records, including Dun & Bradstreet, and found no information regarding AMS.  Chase & Co. also found that AMS was not licensed to do business in New York State and that the telephone number and address provided for the company could not be confirmed.  Accordingly, Chase declined to pursue further discussions about an extension of credit to AMS.  See Exhibit D.

   17. The Federal Reserve advised AMS that a bank is allowed to set its own, nondiscriminatory criteria for creditworthiness.  See Exhibit D.

   18. On August 3, 2004, the Federal Reserve sent AMS a copy of Chase & Co.'s July 16, 2004, letter setting forth the reasons for the denial of credit.  See Exhibit C, para. 24 and Attachment 41 to the Amended Complaint, annexed hereto as Exhibit I.

   19. Plaintiffs then waited more than three years to file this action on August 3, 2007.

   20. By letter dated March 21, 2008 to plaintiffs' counsel, I requested that plaintiffs consider discontinuing the action on the same grounds raised herein.

   21. When no response was received, I called plaintiffs' counsel on March 31, 2008 and discussed this matter briefly.  Plaintiffs' counsel indicated that he would call me back later that day to discuss this matter further.  To date, plaintiffs' counsel has not contacted me.

   22. For the foregoing reasons, it is respectfully requested that the Verified Amended complaint be dismissed on the grounds that (a) plaintiffs' Equal Credit Opportunity Act

("ECOA"), 15 U.S.C.S. § 1691 et seq., claim is barred by the statute's two-year statute of limitations and is insufficiently pleaded, (b) plaintiffs' tortious interference claim is barred by the applicable three-year statute of limitations, (c) individual plaintiffs, Donald Greaves and Saint Clair Jackson , do not have standing to assert claims for alleged wrongs to the corporation and are, therefore, improper parties.

Dated: April 1, 2008
       New York, New York

                                              /s/
                                 Cynthia Boyer Okrent (CO-9233)