# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
AMS GROUP LLC, DONALD GREAVES,
and SAINT CLAIR JACKSON

                CIVIL ACTION
                NO.: 07 Civ 6988 (LTS)

         Plaintiffs,

- against -

                VERIFIED AMENDED
                COMPLAINT

J.P. MORGAN CHASE BANK

                Jury Trial Demanded
         Defendant.
------------------------------x

1. Plaintiffs, AMS GROUP LLC, DONALD GREAVES, and SAINT CLAIR JACKSON, by their attorney, Robert H. Parker, complains of the Defendant and respectfully sets forth to this Court as follows:

## PRELIMINARY STATEMENT

2. This action is brought pursuant to the provisions of 15 U.S.C. 1691, the Equal Credit Opportunity Act, (hereinafter "ECOA") pursuant to claims of violations under the Act, discrimination, and tortious interference with business and contractual relationships. The action arises out of an adverse action by the Defendant with regards to a business loan application to enable Plaintiffs to purchase an oil refinery.

## JURY TRIAL DEMANDED

3. Plaintiff demands trial by jury in this action.

## JURISDICTION AND VENUE

4. This action concerns a Federal Question pursuant to the Equal Credit Opportunity Act.

5. The jurisdiction of this Court is predicated upon 15 U.S.C. 1691, 28 U.S.C. 1331

6. Venue lies in this district pursuant to 28 U.S.C. §1391.

## THE PARTIES

7. Plaintiff AMS GROUP LLC (hereinafter "AMS LLC"), now defunct, was a corporation formed under the State laws of Wyoming with its principal office located at 204 East 22nd Street, Cheyenne, Wyoming, 82701.

8. Plaintiff DONALD GREAVES (hereinafter "GREAVES") was and still is a resident of Kings County, City and State of New York.

9. Plaintiff GREAVES was a principle of AMS LLC with the title of associate director.

10. Plaintiff GREAVES is an African American Male, and a legal United States citizen.

11. Plaintiff SAINT CLAIR JACKSON, (hereinafter "JACKSON") was and still is a resident of Kings County, City and State of

2

New York.

12.  Plaintiff JACKSON is an African American Male, and a legal United States citizen.

13. Plaintiff JACKSON was a principle of AMS LLC and founding member.

14.  Defendant JP MORGAN CHASE BANK (hereinafter JP MORGAN") is a corporation formed and existing under the Laws of the State of Delaware, and registered in the State of New York as a foreign corporation with its New York principle office located in the City and County of New York.

15.  Defendant JP MORGAN is a creditor as defined by 702(e) of ECOA, 15 U.S.C. § 1691a(e), and by Regulation B, 12 CFR 202.2(1).

## THE FACTS

16. On or about March 16, 2004, Plaintiffs GREAVES appeared in person and submitted an application for a loan from Defendant JP MORGAN to finance the purchase of a oil refinery located in Pasadena Texas (hereinafter "Pasadena Refinery") and owned by Crown Central Petroleum.

17. At some time after the above application was submitted, Plaintiff GREAVES had a telephone conversation with James Nicolas, an employee of Defendant JP MORGAN, whereby a heated conversation ensued over JP MORGAN's lending practices to minorities. During said conversation, Nicolas stated to GREAVES in sum and substance, "THAT'S THE WAY IT IS AND THAT IS THE WAY IT IS GOING TO BE" and "I DO NOT HAVE TO TELL YOU WHY I AM NOT GIVING YOU THE LOAN."

18. Under ECOA (15 U.S.C. 1691(d)), once a loan application is completed, it is required by a creditor to notify the applicant within thirty days of an adverse action or to request additional information if necessary to complete the application process.

19. The Defendant failed to notify or request any additional information of the Plaintiffs within ECOA time limitations.

20. However, on or about April 22, 2004, an employee of the Defendant disclosed confidential and derogatory information to the owners of the Pasadena Refinery.

21. In preparation of the loan application process, the Plaintiffs packaged a detailed Business Plan based upon their many years of experience in the oil business.

22. Further, the Plaintiffs secured various multimillion dollar financial instruments to secure the expected loan amount to minimize any financial risk to the Defendant.

23. Furthermore, the Plaintiffs obtained various commitments in writing from mass fuel purchasers such as Delta Airlines, Texaco, and other various mass fuel purchasers both private and governmental.

24. Because of the Defendant's conduct as described and its failure to timely notify Plaintiffs, Plaintiffs' lost the benefit of the commitments described in paragraph "23."

25. Failure of the Defendant to notify and or request additional information within the time limitations under ECOA resulted the loss of the afore-described fuel purchasers commitments to other competitors.

26. At no time did the Defendant issue to the Plaintiffs a notice of adverse action within the time limits under ECOA.

27. The Plaintiffs' aforementioned Business Plan, loan collaterization, and strong business commitments entitled Plaintiffs to obtain the necessary capital from JP MORGAN to purchase the Pasadena Refinery.

28. The Plaintiffs timely submitted a complaint to an administrative agency.

29. To date, a notice of Plaintiff's right to sue has never been issued by said administrative agency.

30. Since the date of the loan application, Plaintiff has continuously pursued remedies against the Defendant to no avail.

## COUNT ONE

31. Plaintiff repeats and realleges the foregoing paragraphs "1" through "30", inclusive, as if they are fully set forth herein at length.

32. The Defendant violated relevant sections of ECOA by failing to notice the Plaintiffs of an adverse action with regards to their loan application.

33. As a result of the Defendant's conduct Plaintiffs lost an opportunity to purchase a lucrative investment.

34. As a result of the Defendant's aforementioned conduct, the Plaintiffs seek compensatory damages in the amount of $135,000,000.00 (one hundred thirty five million dollars).

## COUNT TWO

35. Plaintiff repeats and realleges the foregoing paragraphs "1" through "34", inclusive, as if they are fully set forth herein at length.

36. The Defendant judged the Plaintiffs' eligibility for the subject loan upon pre-conceived notions and ethnic stereotypes, and thus refused to process Plaintiff's loan application under ECOA guidelines, and treated Plaintiffs throughout the loa

37. As a result of the Defendant's aforementioned conduct, the Plaintiffs' were damaged in the amount of $ 135,000,000.00 (one hundred thirty five million dollars).

## COUNT THREE

38. Plaintiff repeats and realleges the foregoing paragraphs "1" through "37", inclusive, as if they are fully set forth herein at length.

39. When the Defendant contacted the owner of the Pasadena Refinery as described in paragraph "20" and released confidential and derogatory information concerning the Plaintiffs, it damaged the relationship between Plaintiffs and the Pasadena Refinery owner, preventing the Plaintiffs' from ever purchasing said refinery or other refinery purchase opportunities.

40. The Defendant's unsolicited conduct in revealing confidential information to the refinery owners was purposeful, intentional, and without good reason.

41. During or shortly after the time Defendant JP MORGAN submitted Plaintiffs' confidential information to the oil refinery owner, whenever Plaintiff inquired about the status of its loan application, Plaintiff was told that it was being processed.

42. As a direct and proximate result of the misconduct of the Defendants as afore described, and the wrongful acts and abuses of ECOA as detailed above, Plaintiff sustained the damages herein before alleged.

43. Based upon the allegations as set forth herein, Defendants violated Plaintiff's rights under ECOA in that it failed to timely and properly process Plaintiffs' loan application.

44. Plaintiff seeks damages in the sum of $135,000,000.00 (one hundred thirty five million dollars). Plus punitive damages in the amount of $500,000,000.00 (five hundred million dollars).

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

    a)     On each Count in such sums as may be determined upon the trial of this action, including, but not limited to general damages, special damages and punitive damages, Plaintiff seeks not less than One Hundred Thirty Five Million Dollars compensatory damages and Five Hundred Million Dollars punitive damages;

    b)     For reasonable attorney's fees, together with costs and disbursements; and

    d)     For such other ... ourt ... oper.

Dat. February 22, 2008

Robert h. ra......,  
Attorney for Plaintiffs

1682)  
..venue, Suite 600  
New York, New York 10001  
(646) 280-8411  
(646) 607-0123 fax.

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
AMS GROUP LLC, SAINT CLAIR
JACKSON, and SAINT CLAIR JACKSON

                    CIVIL ACTION
                    NO.: 07 Civ 6988 (LTS)

        Plaintiffs,

- against -

J.P. MORGAN CHASE BANK               **VERIFICATION**

        Defendant.
---------------------------------x

I, SAINT CLAIR JACKSON, hereby state that the following is true to the best of my ability and under the penalties of perjury;

1) That I am of sound mind and body and that I have read the attached verified complaint.

2) That I understand the complaint and hereby verify that each and every allegation is true and accurate to the best of my recollection.

3) That I filed this lawsuit because I believe that I have been subjected to violations of Equal Credit Opportunity violations, and other wrongs against myself and my former company AMS GROUP LLC, by the Defendant.

Dated:    February 22, 2008
         County and City of New York

                                                _____
                                                SAINT CLAIR JACKSON
                                                Plaintiff

_____
NOTARY PUBLIC

NOTARY PUBLIC
State Of New York
Reg. No. 02PA6133122
Expires Sept. 12, 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
AMS GROUP LLC, SAINT CLAIR
JACKSON, and SAINT CLAIR JACKSON

                      CIVIL ACTION
                      NO.: 07 Civ 6988 (LTS)

          Plaintiffs,

- against -

J.P. MORGAN CHASE BANK            **VERIFICATION**

         Defendant.
------------------------------x

I, DONALD GREAVES, hereby state that the following is true to the best of my ability and under the penalties of perjury;

1) That I am of sound mind and body and that I have read the attached verified complaint.

2) That I understand the complaint and hereby verify that each and every allegation is true and accurate to the best of my recollection.

3) That I filed this lawsuit because I believe that I have been subjected to violations of Equal Credit Opportunity violations, and other wrongs against myself and my former company AMS GROUP LLC, by the Defendant.

Dated: February 22, 2008
       County and City of New York

                                            DONALD GREAVES
                                            Plaintiff

NOTARY PUBLIC

NOTARY PUBLIC
State Of New York
Reg. No. 02PA6133122
Expires Sept. 12, 2009

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____X

AMS GROUP, Donald Greaves, Saint          No. 07 Civ. 6988 (LTS)(HBP)

Clair Jackson

      Plaintiffs

      - v –

JP MORGAN CHASE,

      Defendants

_____X

PROOF OF SERVICE

On 2/25/08, via U.S. Postal Service, copies of Amended Complaint, Order of extension for filing, Order of 12/21/07, and Initial Pretrial Conference Order of 8/31/08 were delivered to Plaintiffs at the following address c/o Cullen & Dykman, LLP, att: Ms. Cynthia Boyer Okrent, Esq. 44 Wall Street, New York, N.Y.

Certificate of Mailing attached.

Date: 2/25/08

New York, N.Y.

      Respectfully Submitted

      Robert H. Parker, Esq.

      246 5th Avenue, Ste. 600

      New York, N.Y. 10001

      Tel. No.646 280-8411