UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AMS GROUP LLC, DONALD GREAVES, and SAINT
CLAIR JACKSON,

        Plaintiffs,

           Vs.

J.P. MORGAN CHASE, INC.
------------------------------------------------------------------------X


MEMORANDUM OF LAW


By Robert H. Parker on behalf of Plaintiffs.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
AMS GROUP LLC, DONALD GREAVES, and SAINT
CLAIR JACKSON,

                                        Plaintiffs,

            Vs.

J.P. MORGAN CHASE, INC.

                                        Defendant.
--------------------------------------------------------------------X


I.        THE STATUTE OF LIMITATIONS IS EQUITABLIY TOLLED

        Plaintiffs herein allege that Defendant violated federal law under the Equal Credit Opportunity

Act 15 U.S.C. 1691 et seq. ( hereinafter "ECOA").   ECOA essentially prohibits creditors from

discriminating against potential debtors on the basis of race, color, religion, national origin, sex,

marital status, and age, or based upon their social economic position in society.

Within thirty days (or such longer reasonable time as specified in regulations of the Board for

any class of credit transaction) after receipt of a completed application for  credit, a creditor shall

notify the applicant of its action on the application. 15 U.S.C. § 1691(d)(1).

        The Plaintiff applied for credit on or about March 11, 2004.  Therefore, under ECOA a

response was due in April of 2004. Under ECOA and the related Regulation B both state that,

once the application for credit is complete, a creditor has thirty days to either approve, deny or

make a counteroffer on the application. 12 C.F.R. § 202.9(a)(1)(i).

        Based upon Defendant's very own motion, it is clear that; 1) it violated 15 U.S.C. §

1691(d)(1), by not complying with the thirty day rule. See Defendant's Memorandum of Law,

page 2, paragraph 3 "On AMS behalf, the Federal Reserve asked Chase & Co. to respond to the

complaint filed by AMS.  Chase responded on July 26, 2004 that credit was denied."  The

Defendant failed to state that it complied with the thirty day rule.

It is also clear that Defendant Chase failed to forward the belated denial to AMS Group.

This raises the question as to why Chase failed to issue the required basis for denial to Plaintiffs',

yet submitted this information to the Federal Reserve.

Further, the Defendant never stated to the Reserve that Plaintiff submitted an "incomplete

application," therefore, such belated claims should be ignored by this court.  In addition, if

Plaintiff's application was incomplete, Under ECOA, the creditor was mandated to request

additional information within the requisite 30 days.

Since ECOA is a federal statute, it is subject to claims of equitable tolling. Holmberg v

Armbrecht, 327 U.S. 392, 397 (1946) "*equitable doctrine is to be read into every federal statute*

*of limitation*" Zipes v. Tram World Airlines, 455 U.S. 385, 398 (1982)(held that equitable tolling

applies unless it specifically states that it shall not).

The doctrine of equitable tolling allows extensions of the statute of limitation on a case

by case basis to prevent inequity Warren v. Garvin, 219 F.3rd 111, 113 (2d Cir 2000).  Tolling is

appropriate where a plaintiff is "excusably ignorant" of his rights. Kale v. Combined Ins. Co., 861

F.2d 746, 750 (1st Cir.1988)

Equitable tolling is appropriate where misconduct of a defendant lulled the plaintiff into

inaction, Wilson v. United States, 23 F.3d 559, 561 (1st Cir.1994).  Part of ECOA requirements is

that the creditor  inform the Defendant of its rights and referral to the appropriate agency or

court for relief.  The failure of the Defendant to apprise the Plaintiff of its rights under ECOA is

affirmative misconduct in that, it leaves an uninformed person helpless with no direction as to

how to cure the problem.

Based upon the attached affidavit of Mr. Greaves, it is clear that he was mistreated by the Defendants who failed to apprise him of his rights, and never told him of the specific reasons his loan was denied.

II.     LACK OF DISCOVERY PREVENTS PLAINTIFF FROM ADEQUATELY ADDRESSING ISSUES OF DISCRIMINATION

There has been no discovery whatsoever thus far. Proving discrimination will require extensive documentation. Further, it is unclear as to whether Chase has approved other similarly situated loan applicants who were approved for loans under the same circumstances here, but were not of a protected class. Thus, Plaintiff requests that this motion be stayed until the completion of discovery.

III.    THE INDIVIDUAL PARTIES TO THIS ACTION HAVE STANDING

The individual Plaintiffs in this matter have standing because as a result of the Defendant's conduct, they were consequentially damaged. Rachel Reeb v. Ohio Department Of Rehabilitation And Correction, 435 F.3d 639 (2006).