UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AMS GROUP LLC,

        Plaintiff,

    Civil Action No.:
    07 CIV 6988 (LTS)

- against -

**REPLY AFFIRMATION**

JP MORGAN CHASE,    (Electronically Filed)
        Defendant.

------------------------------------------------------------------x

    Cynthia Boyer Okrent, an attorney duly admitted to practice law before the United States District Court of the Southern District of New York, affirms the following under penalty of perjury:

    1.    I am a member of Cullen and Dykman LLP, attorneys for defendant, JPMorgan Chase Bank, N.A. s/h/a JP Morgan Chase ("Chase"), in this action and respectfully submit this reply affirmation, and the accompanying reply memorandum of law, in support of Chase's motion to dismiss the Verified Amended Complaint.

    2.    Plaintiffs fail to establish that they are entitled to equitable tolling of the two-year statute of limitations governing their Equal Credit Opportunity Act ("ECOA"), 15 U.S.C.S. § 1691 et seq., claim.

    3.    Plaintiffs do not allege that they were misled by Chase, that they were prevented from asserting their claim, or that they mistakenly filed their claim in the wrong forum. Plaintiffs merely rely on their previous pro se status and their claim that they were unaware of the statute of limitations, which is insufficient.

4.Plaintiffs have not demonstrated any attempts to bring their ECOA claim in any forum during the three years after the Federal Reserve issued its findings regarding plaintiffs' complaint despite knowing that Chase denied their proposed loan and being aware of their rights under the ECOA.

5.In addition, plaintiffs do not allege any facts to support their claim for discrimination and do not specify the discovery they seek. Instead, plaintiffs seek to go on a fishing expedition through third party private loan records based on mere conjecture.

6.Furthermore, plaintiffs do not allege any wrongful conduct by Chase to support their claim of tortious interference, which is also barred by the applicable three-year statute of limitations.

7.Finally, plaintiffs do not provide any facts that establish that either Donald Greaves or Saint Clair Jackson, as individuals, have standing to bring this action.

8.Plaintiffs claim in their opposition that Chase inappropriately contacted Mr. Scott Booth, as a representative of the refinery. This allegation is contradictory to plaintiffs' admissions in the pleadings, their opposition, and the documents submitted by plaintiffs to the court.

9.In their Amended Complaint, plaintiffs admit that Mr. Greaves, a principal of AMS, directed Mr. Booth to contact Mr. James Nicholas at Chase & Co. regarding the proposed loan and provided Mr. Booth with Mr. Nicholas's contact information.[1]

---

[1] See para. 14 of the Amended Complaint, annexed as Exhibit C to Chase's moving papers (the "Amended Complaint").

10. In Mr. Greaves' letter to Mr. Nicholas dated, April 22, 2004, annexed to both the Amended Complaint and plaintiffs' opposition, he states that Mr. Booth is seeking to contact the bank.[2]

11. In his April 23, 2004 letter to Mr. Booth, annexed to the Amended Complaint, Mr. Greaves authorizes Mr. Booth to call Mr. Nicholas and provides Mr. Nicholas's telephone number, fax number, and e-mail address.[3]

12. Neither Chase & Co. nor Chase initiated any contact with Mr. Booth or anyone at the refinery. In the Amended Complaint, plaintiffs admit that Mr. Booth contacted Mr. Nicholas to discuss the proposed loan[4] and allege that Mr. Nicholas stated the Chase was not interested in pursuing the proposed loan.

13. Plaintiffs do not allege the existence of a confidentiality agreement between AMS and Chase that would have prohibited this conversation. The letter attached to plaintiffs' opposition papers is dated April 30, 2004, which is after the conversation took place.[5] The letter only refers to a confidentiality agreement between AMS and the refinery, which AMS appears to have breached by sending documentation regarding the refinery to Chase.[6]

14. Plaintiffs admit in the Amended Complaint that Mr. Booth told AMS by telephone that the bank was not pursing the proposed loan as early as April 22, 2004.[7]

---

[2] See Exhibit B annexed to the plaintiffs' opposition.
[3] See Exhibit E annexed to Chase's moving papers.
[4] See para. 14 of the Amended Complaint.
[5] See Exhibit C annexed to plaintiffs' opposition.
[6] See id.
[7] See para. 15 of the Amended Complaint.

15. Plaintiffs further admit in both the Amended Complaint and in their opposition that, on or about April 26, 2004, Mr. Nicholas advised AMS by telephone that the bank was not going forward with the proposed loan.[8]

16. Plaintiffs also admit that Mr. Booth advised them by e-mail dated April 27, 2004, attached to the Amended Complaint, that Chase was not interested in the proposed loan. A copy of the April 27, 2004 e-mail is annexed hereto as Exhibit A.[9]

17. Attached to the Amended Complaint is a faxed copy, dated May 4, 2004, from the Department of Consumer Affairs of ECOA Regulation B 202.9 30-day notification of action taken rule. A copy of the May 4, 2004 facsimile is annexed hereto as Exhibit B.

18. Mr. Greaves references the 30-day notification rule in his complaint letter, dated May 7, 2004, to the Federal Reserve Bank of New York (the "Federal Reserve"), which alleged, inter alia, violations of the ECOA.[10]

19. Plaintiffs admit in their opposition that the Federal Reserve advised AMS of the reasons Chase denied the proposed loan in a letter dated July 26, 2004.[11] The letter, which is attached to the Amended Complaint, states that it is in response to AMS's complaint and that its purpose is to advise AMS of the Federal Reserve's findings.[12] The letter lists the specific reasons for the denial and suggests that AMS "may wish to contact other financial institutions to inquire about loan products that might meet your needs."[13] The letter concludes: "We trust that the

---

[8] See para. 9 of Donald Greaves' Affidavit, dated April 30, 2008, annexed to plaintiffs' opposition (the "Greaves Affidavit") and para. 18 of the Amended Complaint.
[9] See also para. 9 of the Amended Complaint.
[10] See p. 3 of Exhibit G, annexed to Chase's moving papers.
[11] See para. 11 of the Greaves Affidavit.
[12] See Exhibit D annexed to Chase's moving papers.
[13] See p. 2 of Exhibit D annexed to Chase's moving papers.

information provided has been helpful, and that the Federal Reserve Bank of New York has been responsive to your complaint."[14] There is no suggestion in the letter that the Federal Reserve's investigation is still pending.

20. In their Amended Complaint, plaintiffs admit that they requested that the Federal Reserve forward them a copy of Chase's July 16, 2004 letter to the Federal Reserve articulating the reasons for the denial.[15]

21. The August 3, 2004 facsimile from the Federal Reserve annexed to the Amended Complaint indicates that a copy of the July 16, 2004 letter was attached thereto.[16]

22. In their opposition, plaintiffs allege that they thought the statute of limitations for their ECOA claim was three years.[17] Nonetheless, plaintiffs waited more than three years after the Federal Reserve reported its findings to file this action alleging violations of the ECOA and tortious interference.

23. For the foregoing reasons, and the reasons in the accompanying reply memorandum of law, it is respectfully requested that the Verified Amended complaint be dismissed.

Dated: May 13, 2008
New York, New York

/s/
Cynthia Boyer Okrent (CO-9233)

---

[14] See id.
[15] See para. 24 of the Amended Complaint.
[16] See Exhibit I annexed to Chase's moving papers.
[17] See para. 15 of the Greaves Affidavit.