# EXHIBIT B

05/04/2004 10:16 CONSUMER COMMUNITY AFFAIRS → 917186365164 NO.126 002
Case 1:07-cv-06988-LTS    Document 37-3    Filed 05/13/2008    Page 2 of 4

3

## Section 202.9—Notifications
## Notification of Action Taken, ECOA Notice, and Statement of Specific Reasons [Section 202.9(a)]

### When Notification is Required [Section 202.9(a)(1)]

The bank must notify an applicant of action taken on an applicant's request for credit, whether favorable or adverse, within 30 days after receiving a completed application. Notice of approval may be express or by implication. For example, the bank will satisfy the notification requirement by giving the applicant the credit card for which the applicant applied. Notification of adverse action taken on an existing account must also be made within 30 days. There are at least two circumstances under which the bank need not comply with the 30-day notification rule.

- The bank must notify an applicant of adverse action within 90 days after making a counteroffer unless the applicant accepts or uses the credit during that time.
- The bank may not have to notify an applicant of adverse action if the application was incomplete, and the bank sent the applicant a notice of incompleteness which meets certain regulatory requirements set forth in section 202.9(c).

### Content of Notification When Adverse Action is Taken [Section 202.9(a)(2)]

The notification of adverse action must be in writing and contain certain information. First, the bank must identify itself and provide its address. Second, it must indicate the nature of the action that was taken with respect to the applicant's request for credit. Third, the bank must provide an ECOA notice and identify the federal agency which has responsibility for enforcing the Act for that bank. In this regard, section 202.9(b) contains a model disclosure which can be used to meet this requirement. Finally, it must tell the applicant the specific reason for the action taken. As an alternative to telling the applicant the reason, the bank may provide a disclosure that the applicant has the right to request the reason within 60 days of receipt of the bank's notification. The notification must include the name, address, and telephone number of the person who can provide the specific reason for the adverse action. The bank may give the reason orally if it also advises the applicant of their right to obtain the reason in writing upon request.

### Notification to Business Credit Applicants [Section 202.9(a)(3)]

The notification requirements for business credit applicants are different than those for consumer credit applicants. Furthermore, the notification requirements for business credit applicants are more extensive if the business had gross revenues of $1,000,000 or less. Extensions of trade credit, credit incident to a factoring agreement and other similar types of credit are subject to the same rules as businesses with gross revenues of over $1,000,000. The bank generally has to comply with the same notification requirements for business credit applicants with gross revenues of $1,000,000 or less as it does for consumer credit applicants. There are a number of options available to the bank for this class of applicants, however, that are not available when dealing with applicants for consumer credit. First, the bank may tell the applicant of the action taken orally. Second, as is the case for consumer credit, the bank may provide a notice telling the applicant of the right to request the reason for action taken rather than disclosing the reason itself. With this class of applicants, however, the bank may provide this notice at the time of application. However, if the bank uses this option, it must provide a disclosure with an ECOA notice that is in a retainable form and that gives the applicant all of the same information which must be provided to applicants for consumer credit when this option is used (see section 202.9(a)2)(ii) in this regard). Finally, if the application was made entirely over the phone, the bank may provide an oral statement of action taken and of the applicant's right to a statement of reasons for adverse action. The notification requirements for business credit applicants with gross revenues of over $1,000,000 are relatively simple. The bank must notify the applicant, within a reasonable time period, of the action taken. This notice may be oral or in writing. The bank need only provide a written statement of the reasons for adverse action and the ECOA notice if the applicant makes a written request within 60 days of the bank's notification of the action taken.

## Form of ECOA Notice and Statement of Specific Reasons [Section 202.9(b)]

### ECOA Notice [Section 202.9(b)(1)]

The requirement that the bank provide an ECOA notice may be met by a statement in this regard set forth in the Regulation or a notice that is substantially similar.

*Statement of Specific Reasons*
*[Section 202.9(b)(2)]*
The statement of reasons provided to applicants must be specific and indicate

Equal Credit Opportunity Act
Federal Reserve System
Compliance Handbook 1 - 35 (10/98), the principal reason(s) for the adverse action.

### Incomplete Applications [Section 202.9(c)]

*Notice Alternatives*
*[Section 202.9(c)(1)]*
When a bank receives an incomplete application, it may send one of two alter-native notifications to the applicant. The first alternative is a notice of action which complies with section 202.9(a). The sec-ond alternative is to provide a notice of incompleteness.

*Notice of Incompleteness*
*[Section 202.9(c)(2)]*
The notice of incompleteness must be in writing and must specify the information the bank needs to consider the applica-tion. The notice must also provide a reasonable period of time to the applicant to furnish the missing information. Finally, the bank's notice must advise the appli-cant that if the information is not forthcom-ing within the designated time period, that no further consideration to the application will be given. If the applicant fails to respond, the bank does not have to send a notice of action taken.

*Oral Request for Information*
*[Section 202.9(c)(3)]*
The bank can make an oral request for information. However, if the applicant does not provide the missing information, the bank must provide a notice of action taken.

### Oral Notification by Small-volume Banks [Section 202.9(d)]

If the bank did not receive more than 150 applications during the preceding year, the notification requirements may be satisfied by oral notifications.

### Withdrawal of Approved Applications [Section 202.9(e)]

The bank need not send a notification of action taken when an approved applica-tion is withdrawn. A withdrawn application is created when it is expected that the applicant will inquire within 30 days after applying about the status of the application and the applicant does not do so.

### Multiple Applicants [Section 202.9(f)]

The bank need only send one notification if more than one applicant is involved. The notice should be sent to the primary applicant, if one is apparent.

### Applications Submitted Through a Third Party [Section 202.9(g)]

When more than one bank is involved in the transaction, and adverse action is taken with respect to the application for credit by all of the banks involved, each bank who took such action must provide a notice of action taken. This notification may be given by a third party, however, the notice must disclose the identity of each bank on whose behalf the notice was given. If one of the banks approves the application, none of the banks who took adverse action need provide any notification.

### Furnishing Credit Information—§202.10

One of the primary methods used by banks to determine creditworthiness is to exam-ine the customer's credit history compiled and maintained by credit reporting agen-cies. Prior to the enactment of ECOA many women found it difficult to obtain credit because of the way in which these credit histories were developed, maintained, and operated by the credit reporting agencies. Frequently, accounts were reported only in the husband's name, even when the wife

Equal Credit Opportunity Act
Federal Reserve System
Compliance Handbook 1 - 36 (10/98), was jointly liable or was the person prima-rily responsible for seeing to it that the debt was properly repaid. Additionally, women were sometimes denied credit because of their husbands' bad credit histories for which the wives were not responsible. The result was that women did not benefit from the good credit histories they participated in developing and were penalized for bad ones that were not of their doing. Regulation B takes steps to rectify this situation. Since the credit histories in credit reporting agencies are developed prima-rily from information supplied by creditors themselves, the regulation sets forth requirements aimed at the method by which creditors must maintain and report the information. These requirements are designed to enable customers, primarily women, to (1) develop their own credit histories; (2) have their joint accounts reflected in such a way that either joint or individual retrieval of information is pos-sible; and (3) be assured that only the information pertinent to their own credit histories is reported and considered when

they individually apply for credit. It should be emphasized that banks are not required to report credit information. The regulation only requires that if they do, they report it in accordance with the regulation's requirements.

Designation of accounts—§202.10(a), (b), (c). A creditor that furnishes credit information shall designate:

1. Any new account to reflect participation of both spouses if the applicant's spouse is permitted to use or is contrac-tually liable on the account;

2. Any existing account to reflect partici-pation within 90 days after receiving a written request to do so from one of the spouses.

If a creditor furnishes credit information to a consumer reporting agency, the creditor shall furnish the information in the name of the spouse about whom the information was requested.

Accounts held or used by spouses as defined in the official commentary to Regu-lation B apply only to creditors that furnish credit information to credit bureaus or to other creditors. A bank that furnishes credit information has the option to designate on all joint accounts the participation of both parties, whether or not the accounts are held by persons married to each other. A bank need not distinguish between accounts on which the spouse is an authorized user and a contractually liable party. A bank is not required to create or maintain separate files in the name of each participant on a joint account, but it must be able to report information in the name of each spouse on the account.

Inadvertent errors within the meaning of the regulation, resulting in failure to comply with requirements regarding furnishing credit information will not be considered violations of the regulation if the bank takes corrective action and begins complying immediately upon discovering the error.