UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
AMS GROUP, Donald Greaves, Saint
Clair Jackson,

                                Plaintiffs,

                                                          Civil Action No.:
                                                          07 CIV 6988 (LTS)

                  - against -

                                                          (Electronically Filed)

JP MORGAN CHASE,

                                Defendant.
--------------------------------------------------------------------x


### DEFENDANT'S REPLY MEMORANDUM OF LAW

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL STATEMENT ..................................................................................................... 2

ARGUMENT ........................................................................................................................ 4

    POINT I .......................................................................................................................... 4

        **PLAINTIFFS' ARE NOT ENTITLED TO EQUITABLE
        ESTOPPEL OF THE STATUE OF LIMITATIONS AND
        DO NOT ESTABLISH A CLAIM UNDER THE ECOA**

    POINT II .......................................................................................................................... 8

        **PLAINTIFFS FAIL TO ALLEGE ANY WRONGDOING
        BY CHASE TO SUPPORT THEIR TIME-BARRED
        TORTIOUS INTEREFERENCE CLAIM**

    POINT III .......................................................................................................................... 9

        **DONALD GREAVES AND SAINT CLAIR JACKSON
        DO NOT HAVE STANDING AND ARE, THEREFORE
        IMPROPER PARTIES**

CONCLUSION ..................................................................................................................... 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
AMS GROUP, Donald Greaves, Saint
Clair Jackson,

                                Plaintiffs,

                        - against -

JP MORGAN CHASE,

                                Defendant.
--------------------------------------------------------------------x

Civil Action No.:
07 CIV 6988 (LTS)

(Electronically Filed)

### DEFENDANT'S REPLY MEMORANDUM OF LAW

This reply memorandum of law is respectfully submitted on behalf of defendant,

JPMorgan Chase Bank, N.A. s/h/a JPMorgan Chase ("Chase"), in further support of its motion to

dismiss the Verified Amended Complaint.

### PRELIMINARY STATEMENT

Plaintiffs fail to establish that they are entitled to equitable tolling of the two-year statute

of limitations governing their Equal Credit Opportunity Act ("ECOA"), 15 U.S.C.S. § 1691 et

seq., claim.  Plaintiffs do not allege that they were misled by Chase, that they were prevented

from asserting their claim, or that they mistakenly filed their claim in the wrong forum.

Plaintiffs merely rely on their previous pro se status and their claim that they were unaware of

the statute of limitations, which is insufficient.  Plaintiffs have not demonstrated any attempts to

bring their ECOA claim in any forum during the three years after the Federal Reserve issued its

findings regarding plaintiffs' complaint despite knowing that Chase denied their proposed loan

and being aware of their rights under the ECOA.  In addition, plaintiffs do not allege any facts to

support their claim for discrimination and do not specify the discovery they seek.  Instead,

1

plaintiffs seek to go on a fishing expedition through third party private loan records based on mere conjecture. Furthermore, plaintiffs do not allege any wrongful conduct by Chase to support their claim of tortious interference, which is also barred by the applicable three-year statute of limitations. Finally, plaintiffs do not provide any facts that establish that either Donald Greaves or Saint Clair Jackson, as individuals, have standing to bring this action.

## FACTUAL STATEMENT

Plaintiffs claim in their opposition that Chase inappropriately contacted Mr. Scott Booth, as a representative of the refinery. This allegation is contradictory to plaintiffs' admissions in the pleadings, their opposition, and the documents submitted by plaintiffs to the court. In their Amended Complaint, plaintiffs admit that Mr. Greaves, a principal of AMS, directed Mr. Booth to contact Mr. James Nicholas at Chase & Co. regarding the proposed loan and provided Mr. Booth with Mr. Nicholas's contact information.[1] In Mr. Greaves' letter to Mr. Nicholas dated, April 22, 2004, annexed to both the Amended Complaint and plaintiffs' opposition, he states that Mr. Booth is seeking to contact the bank.[2] In his April 23, 2004 letter to Mr. Booth, annexed to the Amended Complaint, Mr. Greaves authorizes Mr. Booth to call Mr. Nicholas and provides Mr. Nicholas's telephone number, fax number, and e-mail address.[3] Neither Chase & Co. nor Chase initiated any contact with Mr. Booth or anyone at the refinery. In the Amended Complaint, plaintiffs admit that Mr. Booth contacted Mr. Nicholas to discuss the proposed loan[4] and allege that Mr. Nicholas stated the Chase was not interested in pursuing the proposed loan. Plaintiffs do not allege the existence of a confidentiality agreement between AMS and Chase that would have prohibited this conversation. The letter attached to plaintiffs' opposition papers is

---

1 See para. 14 of the Amended Complaint, annexed as Exhibit C to Chase's moving papers (the "Amended Complaint").
2 See Exhibit B annexed to the plaintiffs' opposition.
3 See Exhibit E annexed to Chase's moving papers.

dated April 30, 2004, which is after the conversation took place.[5]  The letter only refers to a

confidentiality agreement between AMS and the refinery, which AMS appears to have breached

by sending documentation regarding the refinery to Chase.[6]

Plaintiffs admit in the Amended Complaint that Mr. Booth told AMS by telephone that

the bank was not pursing the proposed loan as early as April 22, 2004.[7]  Plaintiffs further admit

in both the Amended Complaint and in their opposition that, on or about April 26, 2004, Mr.

Nicholas advised AMS by telephone that the bank was not going forward with the proposed

loan.[8]  Plaintiffs also admit that Mr. Booth advised them by e-mail dated April 27, 2004,

attached to the Amended Complaint, that Chase was not interested in the proposed loan.[9]

Attached to the Amended Complaint is a faxed copy, dated May 4, 2004, from the

Department of Consumer Affairs of ECOA Regulation B 202.9 30-day notification of action

taken rule.[10]  Mr. Greaves references the 30-day notification rule in his complaint letter, dated

May 7, 2004, to the Federal Reserve Bank of New York (the "Federal Reserve"), which alleged,

inter alia, violations of the ECOA.[11]  Plaintiffs admit in their opposition that the Federal Reserve

advised AMS of the reasons Chase denied the proposed loan in a letter dated July 26, 2004.[12]

The letter, which is attached to the Amended Complaint, states that it is in response to AMS's

complaint and that its purpose is to advise AMS of the Federal Reserve's findings.[13]  The letter

lists the specific reasons for the denial and suggests that AMS "may wish to contact other

---

4 See para. 14 of the Amended Complaint.
5  See Exhibit C annexed to plaintiffs' opposition.
6 See id.
7 See para. 15 of the Amended Complaint.
8 See para. 9 of Donald Greaves' Affidavit, dated April 30, 2008, annexed to plaintiffs' opposition (the "Greaves Affidavit") and para. 18 of the Amended Complaint.
9  See para. 9 of the Amended Complaint and Exhibit A, annexed hereto.
10 See Exhibit B, annexed hereto.
11 See p. 3 of Exhibit G, annexed to Chase's moving papers.
12 See para. 11of the Greaves Affidavit.
13  See Exhibit D annexed to Chase's moving papers.

financial institutions to inquire about loan products that might meet your needs."[14]  The letter

concludes: "We trust that the information provided has been helpful, and that the Federal

Reserve Bank of New York has been responsive to your complaint."[15]  There is no suggestion in

the letter that the Federal Reserve's investigation is still pending.  In their Amended Complaint,

plaintiffs admit that they requested that the Federal Reserve forward them a copy of Chase's July

16, 2004 letter to the Federal Reserve articulating the reasons for the denial.[16]  The August 3,

2004 facsimile from the Federal Reserve annexed to the Amended Complaint indicates that a

copy of the July 16, 2004 letter was attached thereto.[17]

In their opposition, plaintiffs allege that they thought the statute of limitations for their

ECOA claim was three years.[18]  Nonetheless, plaintiffs waited more than three years after the

Federal Reserve reported its findings to file this action alleging violations of the ECOA and

tortious interference.

## ARGUMENT

### POINT I

**PLAINTIFFS' ARE NOT ENTITLED TO EQUITABLE
ESTOPPEL OF THE STATUE OF LIMITATIONS AND
DO NOT ESTABLISH A CLAIM UNDER THE ECOA**

Plaintiffs' have not established that they are entitled to equitable tolling of the two-year

statute of limitations governing their ECOA claim.  Equitable tolling only applies in rare

circumstances where (a) defendant actively misled the plaintiff, (b) plaintiff was prevented from

asserting its rights by "extraordinary means" or (c) plaintiff mistakenly asserts its claim in the

wrong forum.  Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000); Kocian v. Getty Ref. & Mktg.

---

14 See p. 2 of Exhibit D annexed to Chase's moving papers.
15 See id.
16 See para. 24 of the Amended Complaint.
17 See Exhibit I annexed to Chase's moving papers.

4

Co., 707 F.2d 748, 753 (3d Cir. 1983).  In addition, the party seeking equitable tolling must

establish that they exercised reasonable care and acted with reasonable diligence to preserve its

rights.  See Fletcher v. Nyack Hosp., 86 F.3d 8, 11 (2d Cir. 1996); see also Smith, 208 F.3d at

17.

        In McKay v. Sacks, No. 05-CV-2307 (SJF)(LB), 2005 U.S. Dist. LEXIS 43347

(E.D.N.Y. May 12, 2005), the plaintiff alleged that the defendant fraudulently induced her to

take a high rate mortgage loan that was recorded as a lien against her home.  Id. at *2.  The court

held that equitable tolling did not apply because "plaintiff knew or should have known of

defendants alleged wrongdoing" more than two years before the action was commenced.  Id. at

*13.  Accordingly, the court dismissed the ECOA claim on the grounds that it was time barred.

        In this case, plaintiffs' ECOA claim was filed more than two years after the alleged 2004

ECOA violation.  By their own admissions, plaintiffs were aware of the alleged wrongdoing on

or about April 22, 2004, when Mr. Booth informed AMS that the bank was not proceeding with

the proposed loan.[19]  In its letter, dated May 7, 2004, to the Federal Reserve, AMS alleges that

the bank violated the ECOA and cites the 30-day notification rule (ECOA Regulation B 202.9).[20]

 Despite knowing that Chase would not extend the requested credit and knowing their rights

under the ECOA, AMS made no effort to pursue an ECOA claim until August 3, 2007, when it

commenced this action.  Plaintiffs do not allege that they were misled by Chase.  In fact, by their

own admissions, Chase orally advised AMS that it was not proceeding with the proposed loan[21]

and AMS received notice of the reasons that Chase declined the proposal on July 26, 2004.[22]

Plaintiffs' do not allege that they were prevented from asserting their rights or that this action

---

18 See para. 15 of the Greaves Affidavit.
19 See para. 15 of the Amended Complaint.
20 See p. 3 of Exhibit G, annexed to Chase's moving papers.
21 See para. 18 of the Amended Complaint and para. 9 of the Greaves Affidavit.

was previously commenced in the wrong forum.  There is no basis upon which plaintiffs could

have reasonably concluded that the Federal Reserve was continuing to investigate this matter

after the Federal Reserve's July 26, 2004 letter advising AMS of the Federal Reserve's findings

and concluding: "We trust that the information provided has been helpful, and that the Federal

Reserve Bank of New York has been responsive to your complaint."[23]

Plaintiffs' prior pro se status and ignorance of the law does not merit equitable tolling.

See Smith, 208 F.3d at 18; Townsend v. Superintendent, No. 05-CV-4979 (JFB), 2006 U.S. Dist.

LEXIS 48008, at *6 (E.D.N.Y. Mar. 2, 2006).  Ignorance of the law and legal procedure does not

amount to an extraordinary circumstance that warrants equitable tolling.  See Francis v. Miller,

198 F. Supp. 2d 232, 235 (E.D.N.Y. 2002).  Even if plaintiffs did misunderstand the controlling

law and thought the applicable statue of limitations was three years, they still waited more than

three years after the Federal Reserve reported its findings to commence this action.

Both Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982), and Kale v. Combined

Insurance Co., 861 F.2d 746 (1st Cir. 1988), are inapposite.  In those cases, the courts addressed

whether timely filing of an EEOC complaint is a jurisdictional prerequisite to filing a federal

lawsuit.  The courts did not address the statute of limitations applicable to the lawsuits

themselves.

Plaintiffs' reliance on Wilson v. United States, 23 F.3d 559 (1st Cir. 1994), is misplaced.

 Over two years after sustaining an injury, plaintiff sought to amend its complaint for damages

under the Public Vessels Act and the Suites in Admiralty Act, which are both subject to a two-

year statute of limitations, to replace the defendant.  Id. at 560.  Plaintiff had initially sued the

wrong defendant and sought the amendment after learning the identity of the proper defendant.

---

22 See para. 11 of the Greaves Affidavit and Exhibit D, annexed to Chase's moving papers.

Id.  Prior to the statute's expiration, plaintiff was granted leave to amend his complaint.  Id.  Two

months passed with no amendment and the court issued a filing deadline.  Id.  Plaintiff failed to

file an amended complaint until after the deadline and after the statue of limitations had passed.

Id.  The court held that plaintiff's failure to exercise due diligence despite knowing the proper

defendant's identity five months before the statute expired was fatal to his request for equitable

estoppel.  Id. at 561.  Noting that equitable estoppel is only sparingly allowed, the court stated

that there was no basis to apply "the exceptional doctrine of equitable tolling to a party who, by

all accounts, merely failed to exercise his rights."  Id. at 562.  Accordingly, the action was

dismissed.  Id. at 563.

   Warren v. Garvin, 219 F.3d 111 (2d Cir. 2000), cited by plaintiffs, involved a late filed

habeas corpus petition, which is subject to a one-year statute of limitations.  Plaintiff's first

petition was dismissed at plaintiff's request to pursue collateral state proceedings.  Id. at 112-13.

 Plaintiff never pursued state proceedings and did not file a second petition until one year and

eight and half months later.  Id. at 113.  The court found that plaintiff failed to exhibit reasonable

diligence and it could not "view that period of inactivity as anything other than a marked lack of

diligence" making plaintiff ineligible for equitable tolling of the one-year statute of limitations.

Id. at 113-14.

   Finally, plaintiffs' reliance on Holmberg v. Armbrecht, 327 U.S. 392 (1946), is also

misplaced.  Holmberg was an equity suit on behalf of the creditors of a defunct impecunious

bank to enforce liability on the shareholders of the bank under the Federal Farm Loan Act

("FFLA").  Id. at 393.  In that case, Congress had been silent on the statute of limitations for

claims under the FFLA and, therefore, the court was determining whether a state statute of

---

23 See Exhibit D, annexed to Chase's moving papers.

7

limitations should apply.  Id. at 396.  The court stated that "[i]f Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter.  The Congressional statute of limitation is definitive."  Id. at 395.  Here, there is a definitive federal statute of limitations provided in the EEOC.

In addition, plaintiffs do not set forth any factual allegations to support a claim of discrimination.  They do not allege a specific policy to support a claim of discrimination or set forth facts to support their claim that Chase discriminated against plaintiffs vis-a-vis non-minority loan applicants.  Furthermore, plaintiffs fail to allege that it submitted a "completed application," as required by the regulations.  12 C.F.R. §202.2(f) (2008).  Plaintiffs seek discovery but do not specify what discovery is sought.  Plaintiffs only express a mere hope that evidence of discrimination might exist.  Plaintiffs should not be allowed to conduct a fishing expedition through third party private loan records based on pure conjecture.  Based on plaintiffs' own admissions, it is highly unlikely that any relevant records exist given that this type of investment is "literally next to impossible" to find and that it is "the rarest opportunity."[24]  Moreover, the Federal Reserve has already investigated the matter on plaintiffs' behalf.

### POINT II

**PLAINTIFFS FAIL TO ALLEGE ANY WRONGDOING
BY CHASE TO SUPPORT THEIR TIME-BARRED
TORTIOUS INTEREFERENCE CLAIM**

Plaintiffs' fail to allege any facts to establish that Chase acted out of malice or used wrongful means to allegedly interfere with AMS's relationship with the refinery, which is necessary to establish a claim for tortious interference.  See Masefield AG v. Colonial Oil Indus., No. 05 Civ. 2231 (PKL), 2006 U.S. Dist. LEXIS 5792, at *25 (S.D.N.Y. Feb. 14, 2006).

---

24 See para. 4, 5 of the Amended Complaint.

Plaintiffs allege that Chase damaged its relationship with the refinery during the conversation between Mr. Booth and Mr. Nicholas on or about April 22, 2004.[25] Plaintiffs admit that Mr. Greaves' instructed Mr. Booth to contact Mr. Nicholas and provided Mr. Booth with Mr. Nicholas's contact information.[26] By plaintiffs' own admission, it was Mr. Booth who contacted Mr. Nicholas.[27] Plaintiffs allege that Mr. Nicholas told Mr. Booth that Chase was not interested in pursuing the loan, which was true. Plaintiffs do not allege the existence of a confidentiality agreement that would have prohibited the conversation; a conversation that plaintiffs instigated. The alleged confidentiality letter, sent after the conversation occurred, only references a confidentiality agreement between AMS and the refinery.[28] Since plaintiffs' do not allege any wrongdoing by Chase, plaintiffs' claim for tortious interference is insufficient as a matter of law and should be dismissed. See Masefield, 2006 U.S. Dist. LEXIS 5792, at *25-29.

Moreover, by plaintiffs' own admission, they were aware of the conversation on or about April 22, 2004, when Mr. Booth called Mr. Greaves,[29] but did not commence this action until August 4, 2007, more than three years later.

**POINT III**

**DONALD GREAVES AND SAINT CLAIR JACKSON
DO NOT HAVE STANDING AND ARE, THEREFORE
IMPROPER PARTIES**

Plaintiffs do not do not allege any facts that would entitle plaintiffs, Donald Greaves and Saint Clair Jackson, to maintain a cause of action for alleged wrongs to AMS, a corporation. See Green v. Victor Talking Mach. Co., 24 F.2d 378, 380 (2d Cir. 1928); Bank Saderat Iran v. Zandi,

---

25 See para. 39 of the Verified Amended Complaint, annexed as Exhibit A to Chase's moving papers and para. 15 of the Amended Complaint.
26 See para. 14 of the Amended Complaint, Exhibit B annexed to plaintiffs' opposition and Exhibit E annexed to Chase's moving papers.
27 See para 14 of the Amended Complaint.
28 See Exhibit C annexed to plaintiffs' opposition.

9

No. 94 Civ. 7229 (SHS), 1996 U.S. Dist. LEXIS 8429, at *3-4 (S.D.N.Y. June 17, 1996).  Therefore, they lack standing and are improper parties.

Plaintiffs' reliance on <u>Reeb v. Ohio Department of Rehabilitation. & Correction</u>, 435 F.3d 639 (6th Cir. 2006), is incorrect.  <u>Reeb</u> does not involve a wronged corporation.  In <u>Reeb</u>, the court determined that class certification under Federal Rule 23 in a class action involving female correctional officers was improper.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Verified Amended complaint be dismissed on the grounds that (a) plaintiffs' Equal Credit Opportunity Act ("ECOA"), 15 U.S.C.S. § 1691 et seq., claim is barred by the statute's two-year statute of limitations and is insufficiently pleaded, (b) plaintiffs' tortious interference claim is barred by the applicable three-year statute of limitations, (c) individual plaintiffs, Donald Greaves and Saint Clair Jackson , do not have standing to assert claims for alleged wrongs to the corporation and are, therefore, improper parties.

Dated: May 13, 2008
New York, New York

Respectfully submitted,

Cullen and Dykman LLP
Attorneys for Defendant
JPMorgan Chase Bank, N.A.
s/h/a JP Morgan Chase

By: _____/s/_____
      Cynthia Boyer Okrent (CO-9233)
      44 Wall Street, 17th Floor
      New York, New York 10005
      cokrent@culldyk.com
      (212) 732-2000

---

29 <u>See</u> para. 15 of the Amended Complaint.