UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
AMS GROUP, Donald Greaves, Saint
Clair Jackson,

                            Plaintiffs,

                            Civil Action No.:
      - against -                 07 CIV 6988 (LTS)
                            (Electronically Filed)

JP MORGAN CHASE,

                            Defendant.
-------------------------------------------------------------------x

### DEFENDANT'S MEMORANDUM OF LAW
### IN REPLY TO PLAINTIFFS' SUPPLEMENTAL OPPOSITION

      This memorandum of law in reply to plaintiffs' supplemental opposition is respectfully submitted on behalf of defendant, JPMorgan Chase Bank, N.A. s/h/a JPMorgan Chase ("Chase"), in further support of its motion to dismiss the Verified Amended Complaint.

### PRELIMINARY STATEMENT

      Plaintiffs' alleged Equal Credit Opportunity Act ("ECOA"), 15 U.S.C.S. § 1691 et seq., claim is barred by the statute's two-year statute of limitations and plaintiffs have failed to establish a basis for equitable tolling of the claim. Plaintiffs' complaints to the Federal Reserve Bank ("Federal Reserve") and the House Financial Services Committee ("HFSC") do not provide a basis to toll the statute of limitations. The complaints were not filed in a wrong forum. Both the HFSC and Federal Reserve have jurisdiction to investigate such complaints and the Federal Reserve issued a decision to plaintiffs over three years ago. Also, the ECOA does not require that a plaintiff exhaust administrative remedies prior to commencing a federal lawsuit. Accordingly, plaintiffs could have filed this lawsuit at any time after April 22, 2004, the date they admit knowing Chase had denied the loan. In addition, the fact that neither Chase nor the

Federal Reserve notified plaintiffs of the limitations period is not sufficient grounds to toll the statute of limitations. Plaintiffs do not cite any law requiring such notice and there is no such requirement in the ECOA. Furthermore, plaintiffs still do not allege any facts to support their claim for discrimination and do not sufficiently specify the discovery they seek to justify a fishing expedition into customer private financial records.

Plaintiffs' alleged tortious interference claim is also barred by the applicable three-year statute of limitations and plaintiffs have not submitted any evidence to support tolling of the statute. In addition, plaintiffs do not allege any wrongful conduct by Chase to support the claim.

Finally, plaintiffs do not present any additional facts or case law in their papers to establish that either Donald Greaves or Saint Clair Jackson, as individuals, have standing to bring this action.

## FACTUAL STATEMENT

Plaintiffs admit that they knew by April 22, 2004 that Chase was not pursuing the proposed loan and that Mr. Nicholas had informed Mr. Booth of that fact.[1] In addition, plaintiffs admit that Mr. Booth advised them of the substance of his conversation with Mr. Nicholas in an email, dated April 27, 2004.[2] However, plaintiffs waited more than three years to commence this action on August 3, 2007. Plaintiffs sent complaint letters in May 2004, to the Federal Reserve and the HFSC alleging, <u>inter alia</u>, violations of the ECOA.[3] The Federal Reserve advised AMS of its findings and the reasons Chase denied the proposed loan by letter dated July 26, 2004.[4] Plaintiffs did not commence this action until more than three years after receipt of the findings.

---

1  See paragraph 14 of Exhibit Q, annexed to of the Affidavit of Donald Greaves, dated July 5, 2008 (the "7/5/08 Greaves Aff."); Chase's Moving Papers, Ex. C ¶15.
2  See 7/5/08 Greaves Aff., Ex. Q ¶ 16; Exhibit A, annexed to the Reply Affidavit of Cynthia Boyer Okrent, dated May 13, 2008 (the "5/13/08 Okrent Aff.").
3  See 7/5/08 Greaves Aff., para. 27, Ex. S; Chase's Moving Papers, Ex. G.
4  See paragraph 11 of the Affidavit in Opposition of Donald Greaves, dated 4/30/08 (the "4/30/08 Greaves Aff.");

2

Plaintiffs admit that they referred Mr. Booth to Mr. Nicholas.[5] Their claim that the call was only authorized to determine if plaintiffs were in contact with Chase is contradicted by Mr. Booth's email dated April 22, 2004, attached to plaintiffs' supplemental opposition papers, that states that AMS was required to provide "proof of financing" to the refinery and that Mr. Booth sought to "speak directly with any banks that [AMS is] working with and get a copy of a commitment letter from any source of . . . equity."[6] Chase's statement that it was not willing to provide funding to AMS was truthful and within the scope of Mr. Booth's inquiry. In any event, plaintiffs' claim is barred by the three-year statute of limitations.

## ARGUMENT

## POINT I

**PLAINTIFFS ARE NOT ENTITLED TO EQUITABLE TOLLING OF THE STATUE OF LIMITATIONS AND DO NOT ESTABLISH A CLAIM UNDER THE ECOA**

Plaintiffs' alleged ECOA claim is barred by the governing two-year statute of limitations. 15 U.S.C.S. § 1691e(f) (2008). Plaintiffs incorrectly argue that the statute of limitations should be tolled because (a) they filed complaints with the Federal Reserve and HFSC or (b) neither Chase nor the Federal Reserve notified them of the limitations period. On the contrary, the Second Circuit held in <u>Higgins v. New York Stock Exchange, Inc.</u>, 942 F.2d 829, 830 (2d Cir. 1991), that such grounds are insufficient to toll the statute of limitations.

In <u>Higgins</u>, a member of the New York Stock Exchange appealed the District Court's dismissal of his antitrust action as barred by the applicable four-year statute of limitations. 942 F.2d at 830. Plaintiff argued that his prior initiation of an administrative proceeding with the

---

Chase's Moving Papers, Ex. D.
5  See 7/5/08 Greaves Aff., para. 7; Chase's Moving Papers, Ex. E.
6  See 7/5/08 Greaves Aff., Ex. A, which is also annexed as Exhibit A to the Affirmation in Reply of Cynthia Boyer Okrent, dated *July 24, 2008* (the "7/23/08 Okrent Aff.").

Securities Exchange Commission ("SEC") tolled the statute of limitations. Id. at 830, 831, 833. The Second Circuit affirmed the District Court's decision, holding that tolling did not apply because commencement of an SEC proceeding was not a jurisdictional prerequisite to commencing a federal action. Id. at 830, 833. The Court explained: "[plaintiff] contends that parties may 'toll' the limitations period at their own option by instituting administrative proceedings, thereby forcing defendant to defend otherwise untimely actions . . . . Such a rule would greatly prolong and delay litigations without any corresponding benefit." Id. at 834.

In Smith v. City of Philadelphia, 345 F. Supp. 2d 482, 484 (E.D. Pa. 2004), a plaintiff brought a discrimination action against the city under, inter alia, the American with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 (the "Rehabilitation Act"), alleging that city paramedics refused to provide him treatment because he was HIV positive. The federal claims were barred by the applicable two-year statute of limitations. Id. at 485. Prior to commencing the federal action, plaintiff filed a complaint with the State Human Relations Commission ("HRC"), an administrative agency. Id. The HRC failed to reach a decision allegedly due to defendant's refusal to provide necessary documentation. Id. Plaintiff argued that equitable tolling applied because he asserted his complaint in a timely fashion in the wrong forum. Id. at 486. The court held that the HRC complaint was not filed in the wrong forum since the HRC had jurisdiction and venue to hear plaintiff's claim. Id. In addition, the plaintiff was not misled or prevented from filing his federal claim. Id. Neither the ADA nor the Rehabilitation Act require that a plaintiff exhaust his administrative remedies before commencing a federal action. Id. Therefore, plaintiff could have commenced a federal action while the administrative state claim was pending. Id. Accordingly, equitable tolling did not apply and the court dismissed the federal claims as time barred. Id. at 489.

Here, plaintiffs' complaints to the HFSC and the Federal Reserve are not grounds to toll the statute of limitations. These filings were not in a wrong forum. Both the HFSC and the Federal Reserve have jurisdiction to investigate complaints and the Federal Reserve reported its findings to plaintiffs by letter dated July 26, 2004, more than three years before this action was commenced.[7] In addition, the ECOA does not require that a plaintiff exhaust its administrative remedies before filing a federal action. Accordingly, this claim could have been commenced at any time after plaintiffs knew on April 22, 2004 that their proposed loan was denied by Chase, regardless of the status of any administrative proceedings.

Plaintiffs also were not misled by Chase or prevented from commencing this action in a timely fashion. Plaintiffs do not cite any law requiring notification of the limitations period be sent and there is no such requirement in the ECOA.

Plaintiffs again mistakenly rely on <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385 (1982), <u>Kale v. Combined Insurance Co.</u>, 861 F.2d 746 (1st Cir. 1988), <u>Wilson v. United States</u>, 23 F.3d 559 (1st Cir. 1994), <u>Warren v. Garvin</u>, 219 F.3d 111 (2d Cir. 2000) and <u>Holmberg v. Armbrecht</u>, 327 U.S. 392 (1946), which Chase has already distinguished in its Reply Memorandum of Law.[8] In fact, plaintiffs have not submitted any new legal arguments to the Court, but have merely reproduced their initial memorandum of law <u>verbatim</u> under a different cover.

In addition, plaintiffs have failed to allege any evidence of discrimination in their supplemental opposition papers. They again seek discovery based on the vague allegation of a possible existence of a loan to an unidentified third-party. Plaintiffs should not be allowed to conduct a fishing expedition through third-party private loan records based on mere conjecture.

---

7  See 4/30/08 Greaves Aff., para. 11; Chase's Moving Papers, Ex. D.

## POINT II

### PLAINTIFFS FAIL TO ALLEGE ANY BASIS FOR THE TOLLING OF THE STATUTE OF LIMITATIONS APPLICABLE TO THEIR TORTIOUS INTEREFERENCE CLAIM

Plaintiffs' tortious interference claim is also time barred and they have not submitted any evidence to support a tolling of that claim. In addition, plaintiffs fail to allege any facts to support a claim that Chase acted maliciously or used wrongful means to interfere with plaintiffs' relationship with the refinery. See Masefield AG v. Colonial Oil Indus., No. 05 Civ. 2231 (PKL), 2006 U.S. Dist. LEXIS 5792, at *25 (S.D.N.Y. Feb. 14, 2006).

Plaintiffs allege that Chase damaged their relationship with the refinery when Mr. Booth was told by Mr. Nicholas that Chase was not interested in making the loan. Plaintiffs knew that the purpose of Mr. Booth's call on April 22, 2004, was to obtain "proof of financing" and to "get a copy of a commitment letter from any source of . . . equity."[9] Mr. Nicholas told Mr. Booth that Chase was not interested in pursuing the proposed loan, which was true and in direct response to Mr. Booth's inquiry. Plaintiffs admit that Mr. Booth advised them of the substance of his conversation with Mr. Nicholas in an email dated April 27, 2004.[10] Accordingly, plaintiffs' tortious interference claim accrued on April 22, 2004 and became time barred three years later on April 22, 2007.

---

8  Defendant's Reply Memorandum of Law, pp. 6-8.
9  See 7/5/08 Greaves Aff., Ex. A, 7/23/08 Okrent Aff., Ex. A.
10  See 7/5/08 Greaves Aff., Ex. Q ¶ 16; 5/13/08 Okrent Aff., Ex. A.

6

## POINT III

### DONALD GREAVES AND SAINT CLAIR JACKSON DO NOT HAVE STANDING AND ARE, THEREFORE, IMPROPER PARTIES

Plaintiffs do not cite any new law and do not allege any new facts to establish that plaintiffs Donald Greaves and Saint Clair Jackson, as individuals, have standing to maintain this action.  Again, plaintiffs have merely reproduced their initial memorandum of law to the Court and continue to incorrectly rely on Reeb v. Ohio Department of Rehabilitation. & Correction, 435 F.3d 639 (6th Cir. 2006), which Chase distinguished in its Reply Memorandum of Law.[11]

### CONCLUSION

For the foregoing reasons, it is respectfully requested that the Verified Amended complaint be dismissed on the grounds that (a) plaintiffs' insufficiently pled Equal Credit Opportunity Act ("ECOA"), 15 U.S.C.S. § 1691 et seq., claim is barred by the statute's two-year statute of limitations, (b) plaintiffs' insufficiently pled tortious interference claim is barred by the applicable three-year statute of limitations and (c) individual plaintiffs, Donald Greaves and Saint Clair Jackson, do not have standing to assert claims for alleged wrongs to the corporation and are, therefore, improper parties.

8

Dated: July 23, 2008
       New York, New York

                                    Respectfully submitted,

                                    Cullen and Dykman LLP
                                    Attorneys for Defendant
                                    JPMorgan Chase Bank, N.A.
                                    s/h/a JP Morgan Chase

                         By: _____/s/_____
                                  Cynthia Boyer Okrent (CO-9233)
                                  44 Wall Street, 17th Floor
                                  New York, New York 10005
                                  cokrent@culldyk.com
                                  (212) 732-2000

---

11  Defendant's Reply Memorandum of Law, pp. 9-10.